**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL SISWANTO, | No. 10-71998 |
| Petitioner, | Agency No. A078-019-887 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Michael Siswanto, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to

reconsider.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of discretion a motion to reconsider. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Siswanto's contentions related to asylum and equitable tolling of the one-year filing requirement because he failed to raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). We deny Siswanto's motion to take judicial notice of the 2010 U.S. Department of State International Religious Freedom Report for Indonesia and do not consider it. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (this court's review is limited to the administrative record).

The BIA found Siswanto failed to make a showing of an individualized risk of persecution that would meet the more likely than not standard for withholding of removal, and denied his motion to reconsider. The BIA did not abuse its discretion in denying Siswanto's motion. *See Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005) (the BIA's denial of a motion to reconsider should not be disturbed unless the BIA acted "arbitrarily, irrationally, or contrary to law"); *Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009) (petitioner failed to demonstrate sufficient evidence of individualized risk of harm under a disfavored group analysis to establish a well-founded fear of future persecution); *Wakkary v. Holder*, 558 F.3d 1049, 1066 (9th Cir. 2009) ("[a]n applicant for withholding of removal

will need to adduce a considerably larger quantum of individualized-risk evidence to prevail than would an asylum applicant"). We reject Siswanto's requests that the court reconsider its stance regarding a pattern or practice of persecution or require the BIA to grant his motion to reconsider on this basis.

We grant Siswanto's motion to accept his late-filed reply brief.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**